UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK STIRCULA, | ) | CASE NO.1:19-CV1788 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| LOWES HOME CENTERS, LLC., | ) | OPINION AND ORDER |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, SR. J:**

This matter is before the Court on the Motion for Summary Judgment of Defendant Lowe's Home Centers, L.L.C. and Henryco Crawford. For the following reasons, the Court grants, in part, and denies, in part, Defendants' Motion.

According to his Complaint, Plaintiff Frank Stircula ("Stircula") alleges he was an employee of Defendant Lowe's Home Centers, L.L.C. ("Lowe's") from 2000 to 2003 and from 2005 to 2019 as a salesperson in Lowes's Bedford Heights store. At the time he was hired, Stircula and Lowe's agreed Stircula would not work Saturdays. Stircula's manager was Defendant Henryco Crawford ("Crawford"). In 2018, Crawford began rearranging the schedules of Stircula's co-workers. In a store-wide staff meeting, Stircula told Crawford that he had contacted the EEOC and the EEOC representative told Stircula that Crawford's actions were unlawful. Some months later, Crawford began scheduling Stircula to work Saturdays.

Again in 2018, Stircula learned of a new position in the Bedford Heights store for a Commercial Sales Manager. When Stircula told Crawford he was interested in the position,

Crawford told Stircula he would get Stircula more information on the position. Crawford never provided the information to Stircula and the position was given to a female employee from a different store that was significantly younger than Stircula and with less seniority.

On February 8, 2019, a customer was exiting the store when a security alarm sounded. A female cashier asked the customer to produce his receipt. The customer refused. Stircula was working a few feet away and began walking towards the customer, fearing the customer was going to strike the female cashier. The customer pushed Stircula and headed out the door. Stircula asked the cashier to get the Loss Prevention Agent while Stircula followed the customer to his car to get his license plate. When a co-worker yelled to Stircula to stop what he was doing Stircula returned to the store and was asked by Crawford to fill out an incident report. Shortly thereafter, Stircula was terminated from his employment with Lowe's. Stircula had previously followed customers out to their cars to get license plate numbers which he provided to the Loss Prevention Agent without any admonishment or discipline.

Stircula alleges one count of Age Discrimination and one count of Retaliation under Ohio law.

Stircula originally filed his Complaint in Cuyahoga County Court of Common Pleas but Defendants removed the action to this Court on August 7, 2019, due to diversity as Stircula is an Ohio resident and both Lowe's and Crawford are North Carolina residents.

**Defendants' Motion for Summary Judgment**

According to Defendants, Stircula's claims fail and they are entitled to judgment because Stircula cannot show unlawful age discrimination. His EEOC Complaint was not based on discriminatory animus but on a change of work schedule of Lowe's that applied to

all employees, regardless of age. He also cannot show his termination was based on unlawful age discrimination or retaliation as he has admitted he was terminated for violating the Lowe's Employee Handbook by attempting to stop an alleged shoplifter and following him out of the store. Nor can he plausibly deny the same as the incident was fully recorded on Lowe's security cameras. Finally, Stircula cannot show he was denied the position of Sales Manager due to discriminatory animus because he admits he never applied for the position as required by Lowe's policies.

**Stircula Opposition**

Stircula, in opposition, argues that summary judgment is inappropriate here because he can show substantially younger employees pursued shoplifters and were not terminated. In fact, despite Defendants' representations to the contrary, managers at the Lowe's Bedford Heights store encouraged employees to pursue shoplifters. Moreover, Crawford made the ultimate decision to terminate Stircula due to his discriminatory animus toward older employees. Lastly, Stircula failed to apply for the manager position because he awaited for further information from Crawford which never came. Instead, Crawford hired a younger employee with far less experience than Stircula.

## LAW AND ANALYSIS

### Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

*Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323

F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Age Discrimination O.R.C. § 4112.02</u>**

According to Stircula, he was the victim of three separate incidents of age discrimination. First, his work schedule was altered to work on weekends. Second, he was denied a new position/promotion and third, he was terminated for an offence while other, younger, employees who committed the same infraction were not. Stircula was replaced by a substantially younger employee.

Ohio Revised Code § 4112.02 provides that "[i]t shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause . . . or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." The Ohio Supreme Court has stated that, in cases involving R.C. Chapter 4112, "trial courts should apply Title VII federal case law to interpret issues in cases brought pursuant to [this chapter]." *Tarver v. Calex Corp.*, 708 N.E.2d 1041 (7th Dist. 1998); *see also Little Forest Medical Ctr. of Akron v. Ohio Civ. Rights Comm.*, 61 Ohio St.3d 607, 575 N.E.2d 1164 (1991). *See also Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 357 (6th Cir. 1998). ("Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis.").

Age discrimination claims can be proven in one of two ways: with direct evidence of discrimination or by establishing a prima facie case of discrimination. Direct evidence is evidence that proves the existence of a fact without requiring any inferences. *Rowan v.*

5

*Lockheed Martin Energy Sys., Inc.,* 360 F.3d 544, 548 (6th Cir. 2004) citing *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078 (6th Cir. 1994). This evidence cannot be based on vague, ambiguous or isolated remarks. *Kozlevcar v. Tom Ahl Buick, Inc.*, No 3:05CV07483, 2007 WL 2344782 at *5 (N.D. Ohio Aug 15, 2007). Instead, the evidence must require the conclusion that unlawful discrimination was the but-for cause of the employer's actions. *Pelcha v. MW Bancorp, Inc.,* 455 F. Supp. 3d 481, 497 (S.D. Ohio 2020), aff'd, 984 F.3d 1199 (6th Cir. 2021), opinion amended and superseded, 988 F.3d 318 (6th Cir. 2021), and aff'd, 988 F.3d 318 (6th Cir. 2021).

Courts in Ohio hold that "direct" evidence is "smoking gun" evidence "that explains itself." *Id.* "As such, it offers one principal benefit. If present, an employee avoids the burden of presenting evidence of a prima facie case under *McDonnell Douglas*." *Id.* citing *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination."). "Direct evidence is rare." *Pelcha*, 455 F. Supp 3d at 497. See *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997) ("It is the rare situation when direct evidence of discrimination is readily available ...."). " 'Only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age,' satisfy this criteria." *Pelcha*, 455 F. Supp 3d at 498 quoting *Scott v. Potter,* 182 F. App'x 521, 526 (6th Cir. 2006).

"To be sufficiently demonstrative of age discrimination, oral or written statements must be: (1) made by a decision-maker or by an agent acting within the scope of his or her employment; (2) related to the decision-making (termination) process; (3) more than merely

6

"vague, ambiguous, or isolated"; and (4) made proximate in time to the act of termination." *Pelcha*, 455 F. Supp 3d at 498 quoting *Diebel v. L & H. Res., LLC,* 492 F. App'x 523, 527 (6th Cir. 2012).

"Comparatively, circumstantial evidence is 'proof that does not on its face establish discriminatory animus, but does allow a fact finder to draw a reasonable inference that discrimination occurred.'"  *Hoffman v. O'Malley,* 447 F. Supp. 3d 629, 635 (N.D. Ohio 2020) quoting *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009).

Where a plaintiff is unable to produce direct evidence of discrimination, the court must follow the burden-shifting framework articulated by the Supreme Court of the United States in *McDonnell Douglas Corp. v. Green*.  Under *McDonnell Douglas*, once the plaintiff succeeds in making a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  If the defendant meets its burden, then the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason is a pretext. *Id*.

Although Stircula contends he has produced direct evidence of age discrimination, the Court disagrees and finds the statements he relies on do not meet the strict requirements as set forth above for direct evidence, but instead require some degree of inference to support Stircula's age discrimination claims.

Stircula relies entirely on the deposition statements of Jahmal Huggard, a former employee of Lowe's who testified that Crawford told him that older employees "moved too slow" (Huggard depo at 85-86), and as regards Stircula in particular, "you can't teach an old

7

dog new tricks," or words to that effect. (*Id* at 147-49).  Huggard further testified that Crawford told him he wanted to replace older workers with younger workers due to the fact that older workers were too set in their ways and they commanded higher salaries. (See *Id* at 146-147).

> Q. ....I'm saying, based on your observation, would you say that he appeared to target older employees in particular?
>
> Objection
>
> A. Like people older or like that seemed to make like a certain dollar amount.  Ryco wanted to lower our bottom line so we had to – he wanted like part-time people who were making less money to bring in so other people would come in.  And then yeah, the old people that had like more money – like I think Frank was making 20 or something and I was making 17.

These statements by Crawford do not satisfy the direct evidence analysis for multiple reasons.  First, the only statement that was directed at Stricula was an isolated statement that "you can't teach an old dog new tricks."  But the Ohio Supreme Court has held this statement does not constitute direct evidence of age discrimination because it requires some inference. See *Mauzy v. Kelly Servs., Inc.*, 1996-Ohio-265, 75 Ohio St. 3d 578, 590, 664 N.E.2d 1272, 1281.  Furthermore, Crawford's statement that older workers "moved too slow" applied only to one other employee, not Stircula, and does not appear to have been a general statement made about all older workers.  Moreover, these statements all predated Stircula's termination by almost two years, thus, they are not sufficiently proximate in time to Stircula's termination to be direct evidence of age discrimination.  Also, Huggard was terminated a year prior to

Stircula's termination and therefore, they both lack a causal link to Stircula's termination. As a result, the Court will apply the *McDonnell/Burdine* burden-shifting analysis to Stircula's age discrimination claim.

According to his Complaint, Stircula alleges he was subject to age discrimination when he was required to work Saturdays, despite never having to work on Saturdays per his hiring agreement. Stircula contacted the EEOC to ask whether an employer could require older workers to work weekends and was told Lowe's could implement the change so long as there was a valid, work-related reason for the change. Stircula then testified that in 2018, it was announced that Lowe's was establishing a companywide policy change that would require all employees to work one weekend day on a rotating basis. When he was asked about this companywide policy Stircula stated:

> Q Was there anything discussed in that meeting about changing schedules?
>
> A Yes.
>
> Q Tell me about that.
>
> A The -- my gosh. I don't know who brought it up, but they were talking about the changes to the schedules. And then I just got involved and I said something to the sort of, "I think it's wrong that it was -- that you're changing people's schedules that have been here and have been on the same schedule for 10 years, and that I talked to the EEOC and they said that there had to be a good reason for it." And that's basically all I said.

(Stircula depo pg. 50).

However when asked subsequently how many Saturdays he actually worked, Stircula

9

stated that during his entire time at Lowe's he worked possibly two Saturdays.  Once possibly in 2018, "I think one was in 2018, but I'm not 100 percent sure I did work that day.  I just think I did." (*Id* at 54).  The other Saturday occurred years earlier, before the rotating weekend policy was even enacted.  (*Id* at 54-55).

"An adverse employment action is an action by the employer that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Regan v. Faurecia Auto. Seating, Inc.*, 679 F.3d 475, 481 (6th Cir. 2012) quoting *White v. Baxter Healthcare Corp.,* 533 F.3d 381, 402 (6th Cir.2008).  Here, Stircula was unable to confirm he did, in fact, work one Saturday after the policy was enacted.  Furthermore, he does not allege there was any change in his compensation and admits he was quickly returned to his regular schedule.  The Court finds this does not rise to the level of a significant change in benefits and cannot meet Stircula's burden to show an adverse employment action.  In addition, Stircula has failed to offer any evidence that the rotating weekend schedule applied solely to older employees and he fails to offer any evidence that this policy had a disparate impact on older employees.  Therefore, the Court finds Defendants are entitled to summary judgment on Stircula's age discrimination claim based on the rotating weekend policy.

Stircula further alleges that he was denied the opportunity to be hired/promoted to the position of Sales Floor Department Supervisor due to the discriminatory animus of Crawford.  In his Complaint, Stircula alleges he was more qualified and had greater seniority than the candidate ultimately hired for the position.  Moreover, Defendants failed to interview him for

the position. This was because of Defendants' discriminatory animus toward older employees, according to Stircula.

To make out a prima facie case of age discrimination based on Lowe's failure to hire/promote Stircula to the Sales Floor Department Supervisor position, Stircula must show that (1) he is a member of the protected class; (2) he applied for and was qualified for the position; (3) he was considered for and was denied the position; and (4) other employees of similar qualifications who were not members of the protected class were hired for the position at the time the plaintiff's request for promotion was denied.. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 812–13 (6th Cir. 2011) citing *White v. Columbus Metro. Hous. Auth.,* 429 F.3d 232, 240 (6th Cir.2005).

Defendants dispute these allegations and move for summary judgment on this claim, contending Stircula has abandoned his failure to hire/promote claim as his Brief in Opposition does not address this claim with any argument or authority. Alternatively, Stircula did not get the position because he never applied for it. Defendants describe the position as Sales Floor Department Supervisor position that was created in 2018. Stircula stated in his deposition that he asked Crawford that if he, Crawford, learned anything about the position to let Stircula know as Stircula would like to apply. Crawford indicated he would get back to Stircula about the position. Crawford left for a company meeting in Las Vegas and when he returned the position was already filled. (Stircula depo. pg. 110).

Here, Stircula cannot meet his prima facie burden because he cannot show he applied for the position. When he was asked at his deposition if he knew that in order to apply internally for a position it had to be done online, Stircula responded "yes." (*Id* at 113).

11

Stircula never applied for the position.

       Q   Okay.  And you didn't apply for it, we can agree on that.

       A   I didn't know that it was up for bid, yes.

       Q   We can agree that you didn't apply for it, correct?

       A   Correct.

(Stircula depo pg. 121).

Lowe's hired a candidate that undisputedly applied online for the position.  Stircula in response contends that he was awaiting more information from Crawford as the position had not yet been officially posted but, after waiting months with no news for Crawford, Stircula learned the position was filled by someone substantially younger with far less relevant work experience than himself.  However, he never checked online to see if the position had been posted.

As the Sixth Circuit instructs, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.."  See *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (citation and internal quotation marks omitted).  Stircula put forward no developed argument on this Failure to Hire/Promote claim.  Because Stircula does not provide argument or evidence in opposition to Defendant's Motion for Summary Judgment on Stircula's Failure to Hire/Promote claim, he has waived this claim.  Alternatively,  because he failed to show by competent evidence that he applied for the position, which is a necessary element of a prima facie claim, Defendants are entitled to summary judgment on this claim.

**Wrongful Termination**

According to Stircula's Complaint, he was working on February 8, 2019, when a security alarm sounded as a customer attempted to exit the Bedford Heights store. The cashier asked the exiting customer to show her the receipt but the customer refused and became belligerent. Stircula was working just a few feet from the cashier and observed the exchange between the cashier and the customer. Believing the customer was going to strike the cashier, Stircula approached the customer but the customer pushed Stircula away and exited the store. Stircula told a fellow employee to contact the Loss Prevention Agent while Stircula followed the customer out the door, intending to get the customer's license plate number. Another employee told Stircula to stop following the customer and Stircula returned to the store. Crawford asked Stircula to prepare an incident report. One week later, Crawford terminated Stircula's employment with Lowe's.

According to Defendants, Stircula was terminated for the February 2019 encounter with a customer because it was in clear violation of Lowes' policies.[1] Defendants contend that Stircula put himself between the alleged shoplifter and the doorway and put his hands on the customer while attempting to take the package, albeit unsuccessfully. The Loss Prevention Agent, Christopher Barna, testified that he was on his unpaid lunch break but when he returned he saw part of the incident on a surveillance camera but did not have sufficient evidence to detain the customer per Lowe's protocols. He reported the incident to Lowe's District Asset Protection Operations Manager, Angela Williams, who began an

---

[1] There is some discrepency about when the incident occurred; whether it was on February 12, 2019 or February 8, 2019. The exact date of the incident is immaterial to the Court's analysis.

investigation. Williams determined that Stircula improperly attempted to detain the customer based on employee eyewitness testimony and surveillance camera footage of the incident. This was a direct violation of Lowe's policies, which expressly state that an employee may "not under any circumstances attempt to physically detain or chase a suspected shoplifter." (Crawford and Williams declarations ¶ 9). Williams, in conjunction with Lowes' District Manager, the Regional Asset Protection Manager and Area HR Business Partner, all agreed it warranted terminating Stircula. Crawford then informed Stircula of his termination.

"A plaintiff establishes his prima facie case by showing that (1) he is a member of a protected group, (2) he was qualified for the position in question, (3) his employer took an adverse employment action against him, and (4) there are "circumstances that support an inference of discrimination." *Willard v. Huntington Ford, Inc.,* 952 F.3d 795, 808 (6th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). "Relevant here, such circumstances include when the employer replaced the plaintiff with a younger employee and when the employer 'treated similarly situated, non-protected employees more favorably.'" *Willard,* 952 F.3d at 808 citing *Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 521–22 (6th Cir. 2008). The plaintiff's burden to establish a prima facie case is light, one "easily met" and "not onerous." *Provenzano,* 663 F.3d at 813. "The sole function of the prima facie stage of the burden-shifting framework is to raise a rebuttable presumption of discrimination by eliminat[ing] the most common nondiscriminatory reasons for the [employer's treatment of the plaintiff], such as the plaintiff is unqualified for the position or not a member of the protected group." *Willard,* 952 F.3d at 808.

The parties do not dispute the first three factors. Stircula was sixty-five years old when he was terminated. He was qualified for his position as he had been an employee with Lowe's for over twenty years and he was terminated.

Stircula alleges he was replaced by a younger employee. When questioned if someone was hired to replace Stircula, Crawford could not recall specifically, but stated :

Q. And who replaced Mr. Stircula upon his termination?

A. I'm trying to -- I don't recall who moved into that position. I think -- I don't recall. I specifically don't recall who moved into that position.

Q. Would it have been Marta Piotrowska?

A. I thought Marta was already a specialist. But I do recall it was somebody that was already on the Pro Team in a CSA position. We just moved them to a specialist position. That could have been Marta. It could have been Edweena. I don't recall which one of them we moved into the specialist position.

Q. But it would have been Marta or Edweena?

A. Yes.

(Crawford depo. Pg 86).

Marta Piotrowska was promoted four months prior to Stircula's termination so Stircula contends, by process of elimination, it must have been Edweena Goodman, who was under fifty years old at the time, making her substantially younger than Stircula under applicable Sixth Circuit law. See *Grosjean v. First Energy Corp.,* 349 F.3d 332, 336 (6th Cir. 2003). (" Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of an age discrimination prima facie

15

case.").

Defendants contend they divided Stircula's duties amongst existing employees and the evidence they point to is Crawford's deposition transcript at page 76 of his deposition. However, in that portion of his deposition he is being questioned on who applied and who was hired for the Floor Sales Manager Position, not Stircula's vacated position. Thus, they have not disputed Stircula's evidence that he was replaced by a younger employee. Moreover, even if Stircula were replaced by an in-house employee, Crawford's deposition testimony supports the conclusion that the in-house employee was promoted to Stircula's position rather than his duties having been divvied up between existing employees.

Once Stircula has satisfied his burden to show a prima facie case of age discrimination, the burden shifts to Defendants to articulate a legitimate, non-discriminatory reason for the adverse action. Here, Defendants have met their burden to show Stircula was terminated for a clear violation of Lowe's policy prohibiting employees from physically confronting customers suspected of shoplifting and from pursuing alleged shoplifters out of the store. Video evidence, employee eyewitness statements and even Stircula's concessions in his own testimony verify that Stircula violated Lowe's policies by attempting to block and pursue a suspected shoplifter. Lowe's Employee Resource Guide states that an employee is subject to immediate termination for "attempting to detain, block or make physical contact with a customer by non LPS/LPM employees (e.g. pursuing a suspected shoplifter out of the store)." (ECF # 34-4 pg. 76).

Once Defendants have satisfied their burden, it falls on Stircula to show by competent evidence that this stated reason for his termination was pretext. "A plaintiff can refute the

16

legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action 'by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 576 (6th Cir. 2003) quoting *Dews v. A.B. Dick Co.,* 231 F.3d 1016, 1021 (6th Cir.2000).

Stircula points to the testimony of Huggard, wherein Huggard attests he engaged in the same behavior as Stircula in following shoplifters out of the store but was not terminated by Lowe's. "The third category of pretext consists of evidence that other employees, particularly employees outside the protected class, were not disciplined even though they engaged in substantially identical conduct to that which the employer contends motivated its discipline of the plaintiff." *Moffat v. Wal-Mart Stores, Inc.*, 624 F. App'x 341, 347 (6th Cir. 2015). Huggard declares that employees regularly followed suspected shoplifters out of the store to get their license plate numbers but were not disciplined. (Huggard dec. ¶15-16). He further declares that supervisors at Lowe's verbally chastised employees who did not follow suspects out of the store. (*Id* at 17). Huggard is also under 40 years old.

Finally, Huggard declares he was often asked to assist Loss Prevention Employees in apprehending suspected shoplifters outside the store and Huggard physically escorted them into the building despite not being a Loss Prevention Agent. (*Id* at 21-22). This was with the full knowledge of Crawford. Yet he was not disciplined.

In short, Huggard's testimony creates a genuine issue of fact as to pretext and therefore, Defendants are not entitled to summary judgment on Plaintiff's Age Discrimination for Wrongful Termination claim.

Defendants argue that Stircula was not similarly situated to Huggard or the other employees he cites as evidence he was treated more harshly.  To demonstrate that a co-worker is similarly situated, "the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in all of the relevant aspects."  *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir. 1998) (emphasis added).

Jahmal Huggard was a  Pro Services Specialist like Stircula and testified on deposition he grabbed shoplifters several times but was never disciplined for it.

Q.	You physically put your hands on a shoplifter?

A.	Yeah.

Q.	When did you do that?

A.	A few times, like the year that I got fired or the year before.  No, the year before.

 Q.	 What exactly did you do?

A.	Just grabbed his arm and walked him inside.

(Huggard depo. Pg. 50.)

Huggard was supervised the last year of his employment by Crawford.  Huggard was in his thirties when he was terminated later for an unrelated issue.  Thus, he can show he was similarly situated in all relevant respects to Stircula, was outside the protected class, engaged in similar conduct, but was not terminated.

Defendants further argue that Huggard and Stircula were not similarly situated because Huggard was instructed to help the Loss Prevention Agent apprehend shoplifters while Stircula was not, but Defendants point to no authority in the Employee Handbook that permits a non-Loss Prevention Agent from doing so.  Thus, Stircula has met his burden to

18

show pretext.

While Defendants further allege Stircula's termination was via a committee decision, it is undisputed that Crawford played a role in that decision. Crawford informed Stircula of the termination decision and discussed the termination decision and the reasons for it with Stircula (ECF # 37-13). Crawford provided information to the committee that made the decision to terminate Stircula. Crawford had the authority to terminate employees on his own. Angela Williams, Loss Prevention Manager at Lowe's at the time of this incident, testified that Crawford was involved in the decision to terminate Stircula. (Williams depo. pg 47.) Thus, there are genuine issues of fact regarding Stircula's termination that must be determined by a jury.

**Retaliation**

In opposition to Defendants' Motion for Summary Judgment, Stircula states in the Facts section of his brief that he was retaliated against for complaining to the EEOC. However, in the Standard of Review and Argument section Stircula concentrates solely on the his Age Discrimination claim and does not even mention his Retaliation claim. As the Court previously cited, the Sixth Circuit instructs, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.." See *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (citation and internal quotation marks omitted). Stircula put forward no developed argument on the issue of retaliation.

Thus, the Court need not consider Stircula's Retaliation claim and Defendants are entitled to judgment in their favor accordingly.

Therefore, for the foregoing reasons, the Court grants, in part, Defendants' Motion for

Summary Judgment on Plaintiff's Age Discrimination claim for a change to his work schedule and Failure to Hire/Promote; grants summary judgment for Defendants on Plaintiff's Retaliation claim but denies summary judgment on his Age Discrimination claim for wrongful termination.

    IT IS SO ORDERED.

                                        /s/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        Senior United States District Judge